# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | Misc. No. 16-61 |
| | ) | |
| **MERIT SYS. PROT. BD. U.S. DEP'T** | ) | |
| **OF JUSTICE,** *et al.*, | ) | |
| Respondents. | ) | |

| | | |
|---|---|---|
| **FREDERICK BANKS**, | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | Misc. No. 16-79 |
| | ) | |
| **JUDGE MARK HORNAK,** *et al.*, | ) | |
| Respondents. | ) | |

## AMENDED MEMORANDUM OPINION

CONTI, Chief District Judge

## I. INTRODUCTION

Frederick Banks ("Banks")—a pretrial detainee awaiting trial before another district judge of this court in criminal number 15-168 (the "15-168 case")—filed documents styled as *habeas corpus* petitions in the above-captioned cases, ostensibly under 28 U.S.C. § 2241.[1] Because Banks—a vexatious litigant—did not seek or receive authorization from the court to file these documents, the court

---

[1] *See* (Misc. No. 16-61, ECF No. 1; Misc. No. 16-79, ECF No. 1.)

dismissed them without prejudice.[2] Banks filed motions for reconsideration.[3] Because Banks's filings were not *habeas corpus* petitions, the court denied Banks's motions for reconsideration.[4] Thereafter, Banks filed these motions to vacate under Federal Rules of Civil Procedure 59(e) and 60(b). In his motions, Banks seeks disclosure of certain alleged government surveillance. For the reasons set forth in this memorandum opinion, Banks's motions will be denied.

## II.    MOTIONS UNDER RULES 59(E) AND 60(B)

Banks's Rule 59(e) and 60(b) motions will be denied because his requests for relief must be raised in the 15-168 case.

A Rule 59(e) motion is a motion for reconsideration. *See Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011). "The scope of a motion for reconsideration . . . is extremely limited." *Id.* In seeking reconsideration, Banks must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence unavailable when the court dismissed the motions; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

---

[2] *See Banks v. Pope Francis, et al.* (Civ. No. 15-1400, ECF No. 7 (concluding that Banks is a vexatious litigant and enjoining further filings)); (Misc. No. 16-61, ECF No. 2; Misc. No. 16-79, ECF No. 2.)

[3] *See* (Misc. No. 16-61, ECF No. 3; Misc. No. 16-79, ECF No. 3.)

[4] *See* (Misc. No. 16-61, ECF Nos. 4, 5; Misc. No. 16-79, ECF Nos. 4, 5.)

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Under Rule 60(b)(6), the court is "to dispense [its] broad powers . . . only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'"[5] *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

Banks fails to show an intervening change in the controlling law, the availability of new evidence, the need to correct a clear error of law or fact, or "extraordinary circumstances" warranting relief from the court's orders denying his prior motions for reconsideration. Banks argues he "could not" raise vindictive prosecution claims, challenges to the evidence, or challenges to the magistrate judge's pretrial detention order in the 15-168 case because he is represented by counsel in that case who "refused to do so."[6] Banks must raise this argument in the 15-168 case. He does not have standing in these cases to raise matters that must be raised in his criminal case. Accordingly, Banks's Rule 59(e) and 60(b)(6) motions will be denied.

---

[5] Banks does not identify the Rule 60(b) subsection under which he seeks relief. Because Banks asserts "he has exhausted all available remedies" in the 15-168 case—and because no other subsection applies—the court will construe Banks's motions as requests for relief under Rule 60(b)(6).

[6] *See* (Misc. No. 16-61, ECF No. 6; Misc. No. 16-79, ECF No. 6.)

## III.   REQUESTS FOR DISCLOSURE OF SURVEILLANCE

Banks's requests for disclosure of surveillance will be denied because they are factually frivolous.

In his motions, Banks alleges "[t]he CIA employed electronic surveillance" through "'voice to skull'" technology and "'telepathic behavior modification'" to "harass him and influence the proceedings." On these grounds—and because "everybody on the internet knows" the CIA unlawfully surveils "U.S. citizens"— Banks seeks disclosure of the alleged surveillance. Banks's assertions are factually frivolous. "'[C]laims describing fantastic or delusional scenarios'"—like Banks's requests for surveillance—"may be factually baseless, and thus frivolous." *Pope Francis*, 2015 WL 8207532, at *3 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). "'[A] finding of factual frivolousness is appropriate when'"—like here— "'the facts alleged rise to the level of the irrational or the wholly incredible.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Allegations that the government used "'voice to skull'" technology and "'telepathic behavior modification'" to harass Banks and influence proceedings pending in this court unquestionably meet this standard. Further, to the extent Banks's requests seek discovery in the 15-168 case, he must raise those requests in that case in accordance with the Federal Rules of Criminal Procedure. He cannot raise them in these cases by way of Rule 59(e) and 60(b) motions.

**IV.    CONCLUSION**

For the reasons set forth in this memorandum opinion, Banks's Rule 59(e) and 60(b) motions and requests for disclosure of surveillance will be denied.

Future filings in these cases attempting to relitigate these matters will be summarily denied.

An appropriate order follows.

**DATED**:        March 28, 2016

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Chief United States District Judge

**CC**:

Frederick Banks (Inmate #120759)
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219